IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02766-BNB

RAMON L. FISHER,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
TRAVIS TRANI, Warden CCF/CSP,
SEAN FOSTER, Assoc. Warden CCF/CSP, and
KELLY WASKO, Warden SCCF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Ramon L. Fisher is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Fisher, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated.

The Court must construe the Complaint liberally because Mr. Fisher is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fisher will be ordered to file an Amended Complaint and assert how each properly named party violated his constitutional rights.

Mr. Fisher must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

      Mr. Fisher also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

      ORDERED that Mr. Fisher file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

      FURTHER ORDERED that Mr. Fisher shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

      FURTHER ORDERED that if Mr. Fisher fails within the time allowed to file an Amended Complaint that complies with this Order and to the Court's satisfaction, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED October 18, 2012, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge