IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02766-BNB

RAMON L. FISHER,

    Plaintiff,

v.

TOM CLEMENTS, Executive Director,
TRAVIS TRANI, Warden CCF/CSP,
SEAN FOSTER, Assoc. Warden CCF/CSP, and
KELLY WASKO, Warden SCCF,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Ramon L. Fisher, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Fisher, acting *pro se*, initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. After review of the Prisoner Complaint, Magistrate Judge Craig B. Shaffer determined that Mr. Fisher had failed to assert personal participation by properly named defendants in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), and ordered him to file an Amended Prisoner Complaint.

    Rather than amend the Complaint, Mr. Fisher filed a motion for appointment of counsel on November 13, 2012. Magistrate Judge Boyd N. Boland denied the motion

as premature and allowed Mr. Fisher an additional thirty days to amend the Complaint. Subsequently, on December 26, 2012, Mr. Fisher filed a motion for enlargement of time. He also filed a motions for counsel, discovery, and loan of the record.  Magistrate Judge Boland granted the request for an extension of time to amend but denied the remaining motions as premature.

On January 16, 2013, Mr. Fisher filed a pleading titled "Motion for Amended Complaint, Persuant [sic] to Rule 15(a)."  The Motion includes Mr. Fisher's Amended Complaint.  The Court will deny the Motion as unnecessary and review the merits of the claims asserted in the Amended Complaint.

Mr. Fisher was instructed by Magistrate Judge Shaffer to amend the Complaint and show how each named defendant caused the deprivation of a federal right. Specifically, he was instructed to state what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.

Although the Amended Complaint is difficult to understand and the claims are disjointed, Mr. Fisher has identified five claims and four defendants.  The defendants are (1) Tom Clements, the Executive Director of the Colorado Department of Corrections; (2) Sean Foster, Warden of the Colorado State Penitentiary and Centennial Correctional Facility; (3) Travis Trani, Associate Warden, Colorado State Penitentiary and Centennial Correctional Facility; and (4) Kelly Wasko, Warden, San Carlos Correctional Facility.  In each of the five claims, Mr. Fisher asserts that Defendants Foster and Trani are responsible for the grievance procedure and overseeing employees at the prison facilities and that he has sent letters regarding his claims to

Defendant Clements.  Mr. Fisher also asserts that he met with Defendant Wasko and mental health staff while he was housed at the San Carlos Correctional Facility about each of his grieved claims; nothing was resolved; and he was transferred to the Centennial Correctional Facility in retaliation for filing the grievances.

Mr. Fisher was instructed in the October 18, 2012 Order that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position, see Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983), and that a supervisor is only liable for constitutional violations that they cause, See Dodds v. Richardson, et al., 614 F.3d 1185, 1208-13 (10th Cir. 2010) (Tymkovich, J., concurring).

In the first claim, Mr. Fisher asserts that an inadequate diet causing notable weight loss and mildly diminished health is equivalent to physical punishment.  Mr. Fisher further asserts that prison officials have a constitutional obligation to accommodate special medical and religious diets and that he kited Food Service in support of his claim and exhausted the grievance procedure.  Mr. Fisher fails to assert when and who denied him an adequate diet.  In Claim Two, Mr. Fisher asserts that he is experiencing racism, deliberate indifference, and harassment based on his ethnicity.  Mr. Fisher, however, fails to assert an injury; fails to state who, when, and how someone was deliberately indifferent to him; and fails to demonstrate how his constitutional rights were violated based on his ethnicity.

In Claim Three, Mr. Fisher asserts that the medical staff has failed to properly diagnosis his medical conditions which include weight loss, an eating disorder, depression, and a personality disorder.  Again, Mr. Fisher does not state who, when,

and how a specific individual failed to perform a proper diagnosis.  In Claim Four, Mr. Fisher, in general, refers to excessive use of force, retaliation, and verbal threats.  He fails to assert a specific incident where he was subjected to retaliation, use of excessive force, or verbal threats or state how any of the named defendants were personally involved.  Finally, in Claim Five, Mr. Fisher refers generally to the deliberate altering and desecration of religious materials and loss of legal materials, but he does not assert who committed the alleged acts.

None of the named defendants in Mr. Fisher's Amended Complaint are responsible for the alleged constitutional violations based on their supervisory position. "Merely sending grievances to a warden is not enough to attach liability . . . ." See Phillips v. Tiona, No. 12-1055, 2013 WL 239891 at *6 (10th Cir. 2013) (slip op.).  Even if the Court were to find that Defendant Wasko acknowledged Mr. Fisher's alleged medical conditions when she met with him, and relied on prison medical staff's decision to deny Mr. Fisher any medical treatment, the reliance "negates rather than supports liability."  See Phillips, 2013 WL 239891 at *6 (citing Arocho v. Nafziger, 367 F. App'x 942, 956 (10th Cir. 2010).

Furthermore, any retaliation claim Mr Fisher may be asserting against Defendant Wasko lacks merit.  "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990); see Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions").  Mr. Fisher fails to assert specific facts showing that Defendant

Wasko transferred him to another prison facility in retaliation for filing grievances.

Mr. Fisher's property claim stated in Claim Five lacks merit. "[I]f adequate state post-deprivation remedies are available" an intentional deprivation of property does not violate the Fourteenth Amendment. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir.1988) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). An action in state court invoking the "willful and wanton" act exception to the Colorado Governmental Immunity Act pursuant to Colo. Rev. Stat. § 24–10–118(2) is an adequate state post-deprivation remedy. *See Ali v. Reeves*, No. 06-1317, 232 F. App'x. 777, 779 (10th Cir. Apr. 26, 2007). The Tenth Circuit requires a plaintiff to plead that these remedies are inadequate. *Montana v. Hargett*, 84 F. App'x. 15, 17 (10th Cir. 2003) (unpublished) (citing *Durre*, 869 F.2d at 548). If such a remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corr.*, 949 F.2d 360, 362 (10th Cir. 1991). In order to overcome this presumption of adequacy, a complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.* Plaintiff does not allege any facts in the Complaint about the adequacy of a state court remedy available to him. Plaintiff's property claim, therefore, will be dismissed.

After reviewing the Amended Complaint, the Court finds that Mr. Fisher has failed to comply with Magistrate Judge Shaffer's October 18, 2012 Order instructing him to amend and assert who personally participated in the alleged constitutional violations. Because Mr. Fisher has failed to file an Amended Complaint that complies with the October 18 Order the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Fisher files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Plaintiff's Motion for Amended Complaint, ECF No. 17, is denied as unnecessary.  It is

FURTHER ORDERED that the Amended Complaint, Complaint, and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an Amended Complaint that complies with the October 18, 2012 Order and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  6th  day of   February   , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court